R. E- PARKER, J-
This is an application for a Writ of Error to a judgment of the Superior Court of Greenville, under the following circumstances.
The applicant was a free man of color, charged by the warrant apprehending him, and by the warrant for convening his Examining Court, with stealing three sack bags of *picked cotton, of the value of eight dollars, “ of the goods and chattels of Nathaniel Eand.” The Court proceeded to examine into the charge “ of having feloniously taken and carried away cotton belonging to Nathaniel Eand,” and were of opinion that “for the offence aforesaid,” he ought to be tried in the Superior Court. The depositions taken in the cause, rendering it uncertain, whether the Defendant if he were guilty of stealing cotton at all, stole cotton belonging to Nathaniel Eand; the prosecutor for the Commonwealth, inserted two Counts in his Indictment ; one, charging him with stealing three bags of picked cotton, “of the goods and chattels of one Nathaniel Eand,” and .the other, laying it to be “ of the goods and chattels of a certain person to the jurors unknow.” Upon the arraignment of the prisoner, he, by his Counsel, moved the Court to strike out of the said Indictment, the second Count thereof, upon the ground, that “ there had been no examination of the fact, wherewith the said prisoner is therein charged, by an Examining Court, &c.” and in support of this motion, he exhibited all of the proceedings before-mentioned, which are made part of the record. The Court over-ruled the motion, and directed the prisoner to plead to the whole Indictment as it stood, and the prisoner excepted to the opinion. Upon the trial, the jury found the prisoner guilty of the grand larceny in the second Count mentioned, and not guilty of the grand larceny in the first Count mentioned, and directed him to receive fifteen stripes. The judgment of the Court, was in conformity with the verdict as to the stripes, and moreover, that he should be transported and sold as a slave, according to Eaw.
To this judgment, a Writ of Error is prayed for on two grounds. 1. Because the Superior Court over-ruled the prisoner’s motion to quash the second Count, assigning the reasons before stated. 2. Because the Eaws of this Commonwealth do not affix the punishment pronounced by the said judgment to the offence, whereof the petitioner was convicted.
On this second point, to shew that it cannot avail the petitioner, the Court refers to its judgments pronounced at the last Term in the Cases of Attoo and of Shelton, (ante, p. 382, 384,) and to 'the opinion just -delivered in the Case of. John Aldridge, (post) after solemn re-consideration of the Act of Assembly, authorizing this sale and * transportation, andón full argument. The question must, therefore, now be considered as settled.
As to the first point, the Court are unanimously of opinion, that the motion of the prisoner, [in the Court below, was properly over-ruled. The offence charged against the prisoner] had, we think, been enquired into by the Examining Court. That offence was the larceny of three bags of cotton, of a certain value. For this criminal offence, he had been sent on to be tried in the Superior Court. The property of the goods was merely an incident, and did not enter into the essence of the crime. This proposition was decided by this Court in the Case of James Halkem, (ante, p. 4,) who was examined for stealing a horse, or gelding, without its being any where stated in the proceedings of the Court, to whom the animal belonged, and who was indicted for stealing the same horse, of the “goods and chattels of Peter Snavely.” Upon its being urged, that he had not been examined for this offence, the Court held, that this was a question the Examining Court need not enquire into: that it was their province to ascertain whether a crime was committed or not, and whether the offender should be sent to the Superior Court for trial ; but that they could not settle the grade of offences, nor determine circumstances not essentially belonging to them.
It is true, that the goods stolen must be alleged, in the Indictment, to be in some one, known or unknown ; and, that the proof must correspond with the allegation ; but the necessity of this, arises from principles of Eaw applicable to Indictments, and having nothing to do with Examining Courts. As to the judgments of these Courts, they may be looked into for the purpose of seeing whether the prisoner has been examined and sent on for trial for the criminal offence he is there charged with, but not for the purpose of ascertaining if all the incidents or circumstances of the crime have been correctly stated.
The prisoner cannot be injured by such a decision. If he is acquitted or convicted, he may plead it in bar of any other prosecution for stealing the same cotton, unless his acquittal was not on the merits, but in consequence of some technical objection applying to the form of the Indictment. The plea of auterfoits acquit, or convict, may always contain matter in pais and matter of record, and an averment in his plea would supply any supposed defect of the record. The motion for a Writ of Error, is therefore, over-ruled.